■    In the Matter of SISTERS OF CHARITY HOSPITAL OF BUFFALO, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Judgment unanimously affirmed, without costs. Denman, J., not participating. Memorandum: Petitioner appeals from a judgment which dismissed its article 78 proceeding seeking review of a Medicaid reimbursement rate set by the New York State Commissioner of Health. Petitioner alleges that it is a Medicaid provider of hospital services and that in the calendar year 1975 it provided 13,907 Medicaid patient days at a cost of $100.07 per patient day, for a total actual cost of $1,391,673.40. Petitioner was advised by the Commissioner of Health in a letter dated January 6, 1977 that it would be reimbursed for calendar year 1975 at a Medicaid per patient day rate of $96.21 as a rate reasonably related to the cost of providing such services. The petition concludes that respondent is required to reimburse actual Medicaid cost and not reasonably related cost. An alternative ground for relief stated is that petitioner's actual Medicaid costs are also its costs reasonably related to the production of the hospital services for which it seeks reimbursement and that the contrary conclusion by respondent is unwarranted. The challenge by petitioner is to the validity of the New York State statute and regulations as establishing a Medicaid reimbursement rate formula which is contrary to that mandated by Federal law and regulations. This is an issue which could not be raised in an administrative proceeding as the administrative agency charged with the enforcement of a statute cannot challenge its constitutional validity (Hurlbut v Whalen, 58 AD2d 311, mot for lv to app den 43 NY2d 643). The petitioner's Medicaid reimbursement rates must be "reasonably related to the costs of efficient production of such service" under subdivision 3 of section 2807 of the Public Health Law (effective until March 31, 1978). (See, also, 10 NYCRR 86-1.21.) This same standard is expressed in the Social Security Act as "payment of the reasonable cost * * * of inpatient hospital services provided under the [State plan for medical assistance] plan" (US Code, tit 42, § 1396a, subd [a], par [13], cl [D]; 45 CFR 250.20 [a] [2]; 20 CFR 405.402 [a] [both CFR sections are to be redesignated in the newly created chapter IV of 42 CFR Part 450, 1977 Fed Reg 52826]; Matter of Kaye v Whalen, 44 NY2d 754). The contention of petitioner that Federal law mandates that Medicaid hospital in-patient health providers be reimbursed for actual costs is without merit. Petitioner's alternative demand for relief seeks a judicial review of the correctness of the rate set by the Commissioner of Health. The administrative review provided by 10 NYCRR 86-1.8 is adequate for this purpose and should have been exhausted before resort was had to article 78. Petitioner's rates were established, based upon a Blue Cross audit which was also used for Medicare and Medicaid (Federal Social Security Act, tits 18, 19, US Code, tit 42, § 1395 et seq.). The final audited Medicaid rate should be challenged in the manner specified in 10 NYCRR 86-1.8 before the Division of Health Care Financing by detailing the specific items of the report over which there is disagreement with a further review and full hearing on items ultimately found to be in dispute (Hurlbut v Whalen, supra, pp 317-318). (Appeal from judgment of Erie Supreme Court —art 78.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.